UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL AZIZ ZARIF SHABAZZ,
a/k/a MICHAEL HURLEY,

**MEMORANDUM & ORDER**

08-cv-1789 (NGG)

Plaintiff,

-against-

MICHAEL BLOOMBERG, CITY OF NEW
YORK, and RUDOLPH GIULIANI,

Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Michael Aziz Zarif Shabazz ("Plaintiff"), proceeding pro se, moves the court to reconsider its May 7, 2008 Memorandum & Order ("Order") dismissing his Complaint for failure to state a claim upon which relief may be granted. (See Docket #9, Notice of Motion ("Notice").)[1] Plaintiff argues that the dismissal of his Complaint regarding the alleged wrongful death of his sister, Patricia H. Jones, at an unidentified New York City hospital was motivated by "the evident pattern of the court's racism, bias and prejudice." (Notice 3-4.) Plaintiff seeks reconsideration of the Order, objecting to the court's dismissal of his action on various grounds. (See Docket #9, Motion ("Mot.").)[2]

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of a "final judgment, order, or proceeding for the following reasons:

---

[1] Plaintiff's letter motion encompasses a request for reconsideration in a separate habeas corpus proceeding, identified as Shabazz v. Senkowski, No. 96-cv-2102, in addition to this action. (Notice 2.) This opinion reaches only the issues raised as to his civil complaint identified in the above caption.

[2] Plaintiff also enumerates his alleged damages as a result of his sister's death, and references additional harms against his "elder brother James" and "other unknown patients who sustained and experienced the untimely loss of life and/or other injuries after visiting New York City hospitals for medical care." (Mot. 4). These allegations do not assist Plaintiff to state a claim, for the same reasons discussed below.

1

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

Id. A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id.

Local Civil Rule 6.3 further explains that a party may move for reconsideration of a motion by "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." However, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Lykes Pasco v. Ahava Dairy Prods. Corp., No. 97-CV-0652 (ILG), 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998) (internal quotations omitted).

The court is mindful that "in pro se cases, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers,' and should read a

pro se party's 'supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Vanhorne v. New York City Transit Auth., 273 F. Supp. 2d 209, 213 (E.D.N.Y. 2003) (internal citations omitted). The court interprets Plaintiff's letter to constitute a motion under Fed. R. Civ. P. 60(b)(1) and (6), seeking reconsideration due to "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Nevertheless, even a generous reading of Plaintiff's submission cannot uncover any conditions warranting reconsideration.

The Order provided a detailed exposition on each of Plaintiff's potential claims and found that his Complaint gave no "indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F. 3d 99, 112 (2d Cir. 2000) (upholding dismissal without leave to replead where the "problem with [plaintiff's] causes of action is substantive" and "[r]epleading would thus be futile."). Plaintiff argues that the court erroneously overlooked references in his Complaint to the defendants' "municipal policy of closing hospitals to save a few pennies and dollars," "the quality of life moral values policy," and "quality of life so-called crimes policy" supporting his claim under 42 U.S.C. § 1983. (Mot. 4-6.) Plaintiff's vague identification of these "policies," however, fails to "show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy and custom and the deprivation of a constitutional right," as required to state a claim under Section 1983 against a municipal defendant. Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); see Order 3. The court will not revisit its finding that Plaintiff did not identify any causal link between these alleged policies and the deprivation of any constitutional right. (See Order 3.) As for whether Plaintiff's Complaint sounds in negligence or intentional tort, such a distinction could not save

his Section 1983 claim from the multiple defects outlined in the Order. (See Mot. 7-8; Order 2-3.)

Plaintiff also contends the court inappropriately ignored his invocations of 28 U.S.C. §§ 1367 and 1651 and failed to borrow "state survivorship law" pursuant to 42 U.S.C. § 1988(a). (Mot. 6-7.) None of these arguments reveal any "mistake, inadvertence, surprise, or excusable neglect" on the part of this court, nor "any other reason that justifies relief." Fed. R. Civ. P. 60(b). 28 U.S.C. §§ 1367 and 1651 confer supplemental jurisdiction and the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions," respectively. See 28 U.S.C. § 1367; 28 U.S.C. § 1651 ("All Writs Act"). Neither statute grants federal courts jurisdiction in a case, as here, where federal jurisdiction does not already exist, nor does either statute assist Plaintiff in his futile effort to state a claim. See, e.g., Chandler v. Tenth Judicial Council, 398 U.S. 74, 112 (1970) (All Writs Act serves "to empower this Court . . . in a case falling within our statutory appellate jurisdiction, where the issuance of the writ will further the exercise of that jurisdiction."). Section 1988 provides simply "that where there are gaps in federal law with respect to the availability of suitable remedies for civil rights violations, the courts should look to state law insofar as it is not inconsistent with federal law." Valley Disposal Inc. v. Central Vermont Solid Waste Mgmt Dist., 113 F.3d 357, 362 (2d Cir. 1997) (emphasis added). Because Plaintiff has failed to plead a civil rights violation cognizable in law, Section 1988(a)'s provision of access to state law remedies is inapplicable. Lastly, Plaintiff restates his Racketeer Influenced and Corrupt Organizations ("RICO") claim and argues that it was properly pled. (Mot. 8-11.) This argument offers nothing new for reconsideration and remains meritless, as addressed in the Order. (See Order 5.)

Plaintiff's motion for reconsideration is DENIED. The court again certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October _7_, 2008

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge